UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO FLORES ROBLES,<br><br>          Plaintiff,<br><br>     v.<br><br>ELIZABETH EGAN, MICHELLE GRIGGS, MICHELLE WEST, DAVID SHABAGLIAN, JERRY DYER, DANIEL GOMEZ, GAYLA SORIANO,<br><br>          Defendants. | No. 1: 13-cv-02108-AWI-BAM<br><br>**ORDER SCREENING COMPLAINT AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**30 DAY DEADLINE** |

Plaintiff Mario Flores Robles ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. Plaintiff alleges Due Process violations because exculpatory statements in a police report made by the victim were not used at trial. Plaintiff's Complaint, filed on December 26, 2013, is currently before the Court for screening. Plaintiff filed a Consent to Magistrate Judge jurisdiction on March 7, 2014.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding in pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff is currently housed in the Fresno County Jail. The events alleged in Plaintiff's complaint occurred in relation to Plaintiff's conviction. Plaintiff names as Defendants, Elizabeth Egan, Michelle Griggs, Michelle West, David Shabaglian, Jerry Dyer, Daniel Gomez and Gayla Soriano. No dates are alleged in the complaint.

Plaintiff's complaint arises out of statements made by the victim which were recorded in a police report. Plaintiff quotes from various portions of the victim's statement in the police investigation report by Officer Overstreet, and points out that the statements are inconsistent with Plaintiff being the perpetrator in the crime. For instance, Plaintiff quotes one of several statements as follows: "The victim said she made the story up to her friend because she thought it

would be exciting to tell the story. The victim said she was never raped and no one had ever tried to do so." Plaintiff brings his complaint pursuant to 42 U.S.C. §1983 and alleges that his Due Process rights were violated because the exculpatory statements in the police report were never used at his criminal trial. (Doc. 1, p.7.) Plaintiff seeks as a remedy for the violations a dismissal of the conviction and punitive damages against the Defendants in the amount of $21.5 million.

## DISCUSSION

### A.     Plaintiff's Complaint Fails to Comply with Rule 8

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).

Plaintiff's complaint is short but it does not set forth factual basis for the violations by Defendants. "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). The function of the complaint is not to list every single fact or attach every document relating to Plaintiff's claims.

Since Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its resources with attempting to define claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. Plaintiff shall separate his claims, so that it is clear what are his claims and who are the Defendants involved. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim.

3

Case 1:13-cv-02108-AWI-BAM   Document 8   Filed 04/28/14   Page 4 of 8

**B.**     <u>**Linkage**</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *Rizzo v. Goode*, 423 U.S. at 371. Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. *Iqbal*, 129 S.Ct. at 1948-49.

In this instance, Plaintiff does not link the Defendants named in his complaint to any acts or omissions that purportedly led to the violation of rights. These general allegations do not suffice to show that Plaintiff's constitutional rights were violated by these Defendants. *Iqbal*, 129 S.Ct. at 1949-50. It appears that for some of the Defendants Plaintiff is attempting to impose

liability not on Defendants' personal involvement, but because they hold positions of authority and/or because of their involvement in criminal justice system, neither of which provides a basis for liability under section 1983. *Iqbal*, at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Jones*, 297 F.3d at 934; *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. *Iqbal* at 1949-50. In his complaint, Plaintiff fails to link any of the Defendants to any of his claims. If Plaintiff amends his complaint, he should link each defendant to a deprivation of a constitutional right. Simply listing persons by their job descriptions in a conclusory manner is not sufficient to satisfy the statutory requirement.

**C.    Immunity**

State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983. See *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ). To the extent Plaintiff alleges violations based upon prosecutorial conduct, prosecutors are absolutely immune.

Civil rights claims under Section 1983 are also not available because public defenders are private individuals for purposes of section 1983 and therefore do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).

In addition, government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738

1  (1982). "Qualified immunity balances two important interests - the need to hold public officials
2  accountable when they exercise power irresponsibly and the need to shield officials from
3  harassment, distraction, and liability when they perform their duties reasonably," *Pearson v.*
4  *Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815 (2009), and protects "all but the plainly
5  incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106
6  S.Ct. 1092, 1096 (1986).

**D.      Relief Barred by *Heck***

Where success in a section 1983 action would implicitly question the validity of a conviction, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Muhammad v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). In *Heck*, the Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. *Heck*, 512 U.S. at 486, 114 S.Ct. at 2372.

It is implicit from Plaintiff's allegations that his conviction still stands. Yet, in this action, Plaintiff requests that the charges be overturned and that the conviction be vacated. By the terms of *Heck*, Plaintiff is barred from collaterally challenging his underlying criminal conviction in this civil rights action. If Plaintiff chooses to file an amended complaint for a civil rights violation, he is advised that *Heck* may prevent claims from going forward if they are based on a conviction that has not been overturned.

**E.      Habeas Relief**

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. §2254(a). While challenges to a state court's incarceration of a petitioner or the length of that incarceration are proper in a petition for writ of

6

habeas corpus, challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *See McCarthy v. Bronson*, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

A petitioner who is in state custody and wishes to challenge collaterally his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1162-63 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Here, Plaintiff's action sounds in habeas corpus because he is challenging the fact that he is confined to prison. If Plaintiff chooses to file an amended complaint for a civil rights violation, he is advised that his amended complaint may be dismissed if the allegations challenge the legality or duration of his confinement.

**F.     Amendment to the Complaint**

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for liability against each named defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1949-50.

Plaintiff is advised that an amended complaint supersedes all prior complaints, *Forsyth v.*

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **April 25, 2014**                      /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE